IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOE RAMIREZ, 1667873,<br>    Plaintiff, | )<br>)<br>) |
| v. | )   No. 3:11-CV-3245-D<br>) |
| PRESBYTERIAN HOSPITAL<br>    Defendant. | )<br>)<br>) |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

### I.   BACKGROUND

Plaintiff is a state prisoner incarcerated in the Hutchins State Jail. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

Plaintiff argues Defendant committed medical practice when it misdiagnosed his hand injury, which resulted in damage to the nerves and loss of use of his hand. Plaintiff seeks money damages.

### II.   SCREENING

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

Plaintiff does not state the basis for federal jurisdiction in this case. To the extent he alleges a violation of his civil rights under 42 U.S.C. § 1983, his complaint fails to state a claim upon which relief may be granted.

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948).

In this case, Plaintiff has failed to show that Defendant Presbyterian Hospital acted under color of state law. Plaintiff's claims under § 1983 should therefore be dismissed.

To the extent Plaintiff seeks to sue Defendant for a state law medical malpractice claim, federal courts have no jurisdiction over such claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. In this case, Plaintiff lists his address as Dallas, Texas. He lists the Defendant

as Presbyterian Hospital "in Dallas." (*See Motion for leave to proceed in forma paupers*.) Plaintiff therefore does not allege the diversity of citizenship necessary to proceed under § 1332. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction.").

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's claims pursuant to 42 U.S.C. § 1983 be dismissed with prejudice; and (2) Plaintiff's state law claims be dismissed without prejudice.

Signed this 5 day of March, 2012.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).